**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-130(11) |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| RAYMOND JAMES EDWARDS, | : | |
| | : | |
| Defendant. | : | |

---

## ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Doc. 1244)

---

This matter is before the Court on Defendant Raymond James Edwards' Request for Reconsideration of Early Termination of Supervised Release (Doc. 1244). The Court construes this as a second Motion for Early Termination of Supervised Release. The United States did not respond to the Motion. Thus, this matter is ripe for review. For the foregoing reasons, Defendant's second Motion for Early Termination of Supervised Release (Doc. 1244) is **GRANTED**.

### BACKGROUND

On April 23, 2023, the Court sentenced Edwards to time served in prison, followed by three years of supervised release, for conspiracy to possess with intent to distribute and to distribute cocaine. (04/25/2023 Minute Entry; Judgment, Doc. 1163, Pg. ID 7867-69.) Conditions of his supervised release include limitations on opening new lines of credit, substance abuse and mental health counseling requirements, and a forty-hour community service obligation. (Judgment, Doc. 1163, Pg. ID 7871.) After serving just over

a year of his supervised release term, on May 29, 2024, Edwards first moved for early termination of his supervised release. (Motion, Doc. 1221.) The Court denied the Motion. (Order, Doc. 1223.) A year later, on April 21, 2025, Edwards has renewed his request for early termination of his supervised release. (Motion, Doc. 1244.)

Presently, Edwards has served over two years of his three-year term of supervised release. During his term, Edwards has complied with all conditions and reporting requirements as required by the probation office. (Motion, Doc. 1244, Pg. ID 8499.) Since his last Motion, he has now completed his substance abuse and mental health counseling, has paid all fines, assessments, and debts, and has continued to remain lawfully employed as a full-time, licensed Class A commercial driver. (*Id.*) In addition to his consistent, full-time employment, Edwards remains integrated in his community, supporting his family and maintaining stable, independent housing. (*Id.* at Pg. ID 8499.) Beyond compliance with his supervised release conditions, Edwards organized a food drive for Freestore Foodbank at his apartment complex in December 2024. (*Id.*) He states that the cause was personal for him, as he once relied on Freestore Foodbank to provide for him and his family. (*Id.*) He described the experience as "a way to give back" and a "proud and humbling moment" for him. (*Id.*) Edwards acknowledges the severity of his original offense and takes full accountability; he states that he is "committed to living a law-abiding and productive life." (*Id.*) Edwards ultimately seeks early release because he claims that, at this point, it has become an "unnecessary restriction" in his journey of reintegration and full independence, as it limits his financial and employment opportunities. (*Id.*)

2

## LAW & ANALYSIS

District courts have the discretionary authority to terminate a term for supervised release after that defendant has served one full year on supervised release. 18 U.S.C. § 3583(e)(1); *United States v. Suber*, 75 F.Appx. 442, 443 (6th Cir. 2003). "When that statutory requirement is met, a district court may grant early termination of supervised release if it concludes that such relief 'is warranted by both the individual's conduct and also by the interest of justice.'" *United States v. Zai*, No. 22-3371, 2022 U.S. App. LEXIS 35495, at *13 (6th Cir. Dec. 21, 2022) (citing *Suber*, 75 F.Appx. at 444). When considering an individual's conduct, "where the defendant shows changed circumstances, such as exceptionally good behavior[,]" early termination of supervised release may be warranted. *United States v. Atkin*, 38 F.Appx. 196, 198 (6th Cir. 2002). In analyzing the interest of justice, the Court considers the following factors set forth in 18 U.S.C. § 3553(a):

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct;

3. The need for the sentence imposed to protect the public from further crimes of the defendant;

4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

5. The kinds of sentence and the sentencing range established for [the defendant's crimes];

6. Any pertinent policy statements issued by the Sentencing Commission;

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

8. The need to provide restitution to any victims of the offense.

18 U.S.C. § 3583(e).

Applying this analysis, the Court concludes that an early termination of Edwards' supervised release is warranted. Edwards has satisfied the one-year requirement and has served over two years of his three-year term. Additionally, the § 3553 factors favor early termination. Although the nature and circumstances of his original crime were serious, which Edwards recognizes, his history and characteristics since receiving the sentence do not reveal any lapse into criminal conduct. He received no infractions since his release. It appears that his supervised release has provided adequate deterrence and protection to the public. Furthermore, early termination will facilitate his continued progress, which has been proceeding well as shown by his continued employment and involvement in his community.

Edwards' conduct and the interests of justice warrant early termination of his supervised release. The Court cannot identify any conduct on Edwards' part that would preclude early termination. It appears that Edwards has taken his rehabilitation seriously and has been successfully moving forward in his life. Rewarding this positive behavior through the early termination of Edwards' supervised release serves the interests of justice.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's Motion for Early Termination of Supervised Release (Doc. 1244). Edwards' supervision shall be terminated, and he shall be discharged from that supervision immediately.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND